O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD MENNA, | ) NO. CV 13-501-R (MAN) |
| Plaintiff, | ) ORDER DISMISSING ACTION |
| | ) WITHOUT PREJUDICE |
| v. | ) |
| MATTHEW RADMANESH, et al., | ) |
| Defendants. | ) |

On January 23, 2013, plaintiff filed a civil rights complaint ("Complaint"). On the face of the Complaint, it is readily apparent that a number of potential substantive and procedural problems may exist with this case, including a potential *res judicata* bar due to the resolution of underlying state lawsuits, a potential *Rooker-Feldman* bar, a potential statute of limitations bar, and a failure to state a cognizable civil rights claim due to a lack of state action. However, because Plaintiff paid the filing fee for the Complaint, it was not screened pursuant to 28 U.S.C. § 1915(e)(2).

On February 4, 2013, United States Magistrate Judge Margaret A. Nagle issued an "Order Re Civil Rights Case" ("February 4 Order"). The February 4 Order stated, *inter alia*:

> Plaintiff must serve the summons and complaint on all named defendants in this action within 120 days of the filing date of the Complaint, which was January 23, 2013. Plaintiff is required to file with the Court a proof of service for each defendant served, within 15 days of the completion of service of process for each such defendant. If service is not completed within 120 days of the Complaint's filing date, the Court may dismiss the action in whole or against unserved defendants. Rule 4(m), Federal Rules of Civil Procedure. Service of the summons and complaint must comply with the provisions of Rule 4, Federal Rules of Civil Procedure.

(February 4 Order at 1-2.)

The Rule 4(m) period for service of process expired on May 23, 2013. No defendant has appeared and plaintiff has not filed any proof of service with the Court, as required by the February 4 Order. Indeed, plaintiff has not filed any document in this case since the filing of the Complaint, and he has made no effort to prosecute this action since that time. Accordingly, based on the record before the Court, it appears that defendants have not been served with process and that plaintiff has abandoned this case.

Rule 4(m) provides that, if service of the summons and complaint is

not made upon a defendant within 120 days of filing the complaint, federal district courts have the authority to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff. If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m); *see also* Muhammed v. Department of Treasury, 1998 WL 986245, at *3 (C.D. Cal. Nov. 19, 1998). The burden of establishing good cause is on the plaintiff. *Id.*, at *4. The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992); *see also* Townsel v. County of Contra Costa, 820 F.2d 319, 320-21 (9th Cir. 1987)(holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run, and thus, the dismissal effectively was with prejudice).

By the February 4 Order, plaintiff was clearly advised of his obligation to effect service of process within the Rule 4(m) deadline, and he was placed on notice that dismissal of this action might result if he failed to complete service of process within the Rule 4(m) deadline. Nonetheless, plaintiff has failed to meet his obligation, and he has not requested an extension of the Rule 4(m) deadline, much less shown good cause for one.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); *see also* Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(*per*

*curiam*)(failure of *pro se* litigant to follow procedural rules justified dismissal of civil rights action).  Given the explicit advice provided to plaintiff in the February 4 Order, there is no cause, much less good cause, for plaintiff's apparent failure to prosecute this action by attempting to serve the defendants.[1]  *See* Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985)(*per curiam*)(opining that Rule 4(m)'s 120-day time limit "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action," and because plaintiff did not contend that he attempted to serve defendants, was confused about the requirements of service, or was prevented from effecting timely service by factors beyond his control, a dismissal for failure to serve process was justified, even though plaintiff's claim therefore became time-barred).  Under the circumstances of record, there is no basis for extending the expired Rule 4(m) period, and under Rule 4(m), dismissal of this action, without prejudice, is warranted.

Dismissal also is warranted under Rule 41(b) of the Federal Rules of Civil Procedure, which grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute.  Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962).  In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d

---

[1]  While plaintiff is proceeding on a *pro se* basis, he is not incarcerated.

4

639, 642 (9th Cir. 2002); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In this case, only the fifth factor -- the general policy favoring resolution of cases on the merits -- arguably could favor retention of this action on the Court's docket. However, as noted earlier, the Complaint appears to suffer from a number of serious and incurable defects. Hence, the merits of plaintiff's claims, if any, do not favor retention of this case on the docket.

Plaintiff's delay necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to efficiently manage its docket, the first and second factors. *See* <u>Pagtalunan</u>, 291 F.3d at 642; *see also* <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990-91 (9th Cir. 1999). Plaintiff's noncompliance with the February 4 Order and Rule 4(m) has caused this action to come to a halt, thereby impermissibly allowing plaintiff, rather than the Court, to control the pace of the proceedings in this case. *Id.*

The third factor -- possible prejudice to the opposing party -- is, at best, neutral to plaintiff. The Complaint is based on events that occurred in 2005 and 2006. While there is no evidence that plaintiff's actions have resulted in any actual prejudice to any defendant as yet, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See* <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994); <u>Moore v. Teflon Communications Corp.</u>, 589 F.2d 959, 967-68 (9th Cir. 1978).

5

In addition, the fourth factor favors dismissal. The February 4 Order specifically admonished plaintiff that his failure to comply with Rule 4(m) and to effect service of process on a timely basis could result in the dismissal of this action. See Ferdik, 963 F.2d at 1262. Having been so cautioned, yet having taken no action, it appears that plaintiff has no desire to pursue this case. Under these circumstances, dismissal is appropriate.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. See Yourish, 191 F.3d at 992.

Accordingly, IT IS ORDERED that Judgment be entered dismissing this action, without prejudice, pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

DATED: June 18, 2013 .

                          MANUEL L. REAL
                  UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE